UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENISE JOYCE, on behalf of herself and all others similarly situated, | Case No. 23-cv-661-LA |
| Plaintiff, | |
| vs. | |
| PRICELINE.COM LLC and TRAVELPASS GROUP, INC., | |
| Defendants. | |

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW Plaintiff, Denise Joyce (hereinafter "Plaintiff" or "Mrs. Joyce"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, and states and alleges as follows:

**INTRODUCTION**

1. This case involves fraudulent "Fees" that Defendants, individually or in concert, charged Plaintiff in relation to a hotel room they sold her (the "Improper Fee") located in Milwaukee, Wisconsin. The Holiday Inn Hotel & Suites hotel in Wisconsin where Plaintiff stayed (the "Hotel") did not charge such a fee to Plaintiff or any of its other guests. Defendants falsely represented to Plaintiff that the Improper Fee was one charged by the Hotel when it was not. Defendants collected the Improper Fee from Plaintiff but never sent it to the Hotel. Upon information and belief, Defendant Priceline.Com LLC ("Priceline") kept the Improper Fee for itself. Defendant Reservation Desk has billed and collected over $6,000,000 in illegal fees from

Wisconsin consumers in the class period in this case. Defendant Priceline has billed and collected over $6,500,000 in illegal fees from Wisconsin consumers in the class period in this case.

2. Plaintiff seeks damages on behalf of herself and all others similarly situated for Defendant's wrongful conduct in relation to such Improper Fees for Wisconsin hotel accommodation fees.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for Unfair and Deceptive Acts and Practices and unjust enrichment to recover damages, including punitive damages, as well as interest, court costs, and attorneys' fees for Defendants' wrongful conduct as set forth herein. Plaintiff also seeks disgorgement of all such Improper Fees. Jurisdiction over this action is proper because the Hotel is located in Milwaukee, Milwaukee County, Wisconsin and Defendants charged the Improper Fees to Plaintiff and in relation to her stay at the Hotel in Wisconsin. Defendants have billed a collective amount in excess of $12,000,000 to almost 90,000 consumers in connection with hotel accommodations in Wisconsin. Upon information and belief, Defendants routinely book and sell hotel rooms to consumers throughout the state of Wisconsin including Milwaukee. Upon information and belief, Defendants routinely communicate with consumers located in Wisconsin, including Milwaukee, concerning the booking of hotel rooms and charge such Wisconsin consumers for their services.

4. Defendants are subject to the jurisdiction of this Court. Venue is proper in Milwaukee County, Wisconsin because the Hotel is located in Milwaukee County, Wisconsin and Defendants charged the Improper Fee in relation to the Hotel. Upon information and belief, Defendants routinely charge fees related to hotels located in this district.

## PARTIES

5. Plaintiff, at all times material hereto, was a resident of 4716 Eidson Road, Atlanta, GA 30360.

6. Defendant Priceline, at all times material hereto, was a Delaware limited liability corporation with its principal address located at 800 Connecticut Avenue, Norwalk, CT 06854. Defendant Priceline may be served with service of process though its registered agent, to wit: Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103.

7. Defendant Travelpass Group, Inc. ("Travelpass"), at all times material hereto, was a Delaware corporation with its principal address located at 4700 West Daybreak Parkway, Suite 100, South Jordan, UT 84009. Travelpass does business as ReservationDesk.com ("ReservationDesk"). Defendant Travelpass may be served with service of process through its registered agent, to wit: Austin Lowe, 4700 West Daybreak Parkway, Suite 100, South Jordan, UT 84009.

## FACTUAL BACKGROUND

8. Plaintiff lives in Atlanta, Georgia and needed to book travel to Milwaukee to attend the funeral of her uncle.

9. Plaintiff's father provided Plaintiff with a telephone number to call to make a reservation at the Hotel where he and his wife were also staying for the funeral. The Hotel is located at 545 W. Lawton Ave., Milwaukee, WI 53207.

10. On or about May 17, 2021, Plaintiff called the number provided by her father and booked a room at the Hotel.

11. Defendant ReservationDesk.com ("Reservation Desk") answered Plaintiff's call and booked her reservation. Reservation Desk sent Plaintiff an email confirmation (the "Confirmation") of the booking. A true and correct copy of the Confirmation is attached hereto

as Exhibit A. Plaintiff paid for her reservation during her call, and Defendant Reservation Desk acknowledged that her reservation was final at the time of payment and concurrent with the phone call. Defendant Reservation Desk did not state that any additional action, review, steps, or activity would be needed to Plaintiff to confirm and/or agree to the reservation.

12. The Confirmation reflected a Check-In date of May 20, 2021, and a Check-Out date of May 23, 2021.

13. The Confirmation reflected a "Subtotal" of $205.88.

14. The Confirmation reflected charge for "Taxes and Fees" of "88.34."

15. The Confirmation reflected a "Service Charge" of $7.99.

16. The Confirmation reflected a "Total Cost" of $302.21.

17. Plaintiff paid the full amount of $302.21 in advance at the time of booking, expressly occurring during the telephone call with Defendant Reservation Desk

18. Plaintiff stayed at the Hotel between May 20, 2021, and May 23, 2021.

19. During her stay at the Hotel, Plaintiff asked the Hotel for a copy of the receipt for her stay.

20. The Hotel advised Plaintiff that the booking had been made through Priceline and that she would need to contact Priceline for a copy of her receipt.

21. After Plaintiff retained counsel, she was able to obtain a copy of the receipt for her stay at the Hotel (the "Receipt").  A true and correct copy of the Receipt is attached hereto as Exhibit B.

22. The Receipt shows the charges actually charged by the Hotel for Plaintiff's stay at the Hotel.

23. The Receipt reflects that the booking was through "Priceline, PO Box 915204, Dallas 753915204 United States."

24. The Receipt shows the following charges for 05-20-21: Accommodation $54.00; Room Tax $3.24; Occupancy Tax $5.13.

25. The Receipt does not show any of the Improper Fees for 05-20-21.

26. The Receipt shows the following charges for 05-21-21: Accommodation $70.00; Room Tax $4.20; Occupancy Tax $6.65.

27. The Receipt does not show any of the Improper Fees for 05-21.21.

28. The Receipt shows the following charges for 05-22-21: Accommodation $70; Room Tax $4.20; Occupancy Tax: $6.65.

29. The Receipt does show any of the Improper Fees for 05-22-21.

30. The Hotel did not charge Plaintiff for the Improper Fee.

31. The Hotel does not charge any of its guests for such Improper Fees.

32. The total room charge and taxes reflected on the Receipt total $224.04.

33. The total amount Defendants charged Plaintiff, as reflected on the Confirmation, was $302.21.

34. The total amount Defendants charged Plaintiff, when subtracting the Service Charge, and as reflected on the Confirmation, was $294.22.

35. The difference between the amount Defendants charged Plaintiff and the amount reflected on the Receipt (not including the Service Charge) is $70.18.

36. Defendants had no legal or other basis to charge Plaintiff the $70.18.

37. Defendants falsely represented to Plaintiff that the Hotel charged the Improper Fee when, in fact, the Hotel did not charge such a fee.

38. Defendants did not remit the additional $70.18 to the Hotel in relation to Plaintiff's stay at the Hotel.

39. Upon information and belief, Defendants never confirmed with the Hotel that the Hotel charged any fees over and above the Accommodation charge, the Room Tax, and the Occupancy Tax before they booked and charged the room to Plaintiff.

40. Defendant's conduct, described herein, resulted in emotional distress, economic loss, and other damages to Mrs. Joyce as will be proven at trial and, further, violated the consumer protection law as unfair and deceptive acts and practices set out in Wisconsin Statute Sections 100.18.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Wis. Stat. § 803.08 on behalf of the following class (the "Class") consisting of all similarly situated persons:

All persons with an address in Wisconsin, or who booked a reservation for a hotel stay in Wisconsin, for whom Defendants, within the three years preceding the filing of the Complaint until time of final judgment, acting alone or in concert, charged a fee for booking a hotel room when the hotel did not itself charge such a fee to its guests.

42. Excluded from the Class are: Defendants' officers, directors, employees, legal representatives, successors, assigns, and any individuals who at any time during the class period has had a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any members of the Judge(s) immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Class. Also excluded from the Class are those individuals who booked their stay online through Defendants' websites and any time such websites contained an arbitration provision.

43. Plaintiff reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

44. The Class is so numerous that joinder of all Class members is impractical. While the exact number of Class members is unknown, it is estimated that there are several hundred, if not more, potential Class members given the national scope of Defendants' business practices including their practice of booking hotel rooms in Wisconsin.

45. There are numerous questions of law and fact common to the Class including (i) whether Defendants misrepresented that the subject fees were charged by hotels when, in fact, the hotels did not charge such fees to their guests; (ii) whether such conduct by Defendants violated the law as set forth below; (iii) whether the Class members are entitled to damages; (iv) the amount of damages to be awarded to the Class members.

46. Plaintiff's claims are typical of the claims of the members of the Class because Defendants made the same misrepresentations to all members of the Class and charged all members of the Class improper fees that were not charged to the Class by the actual hotels.

47. Plaintiff will fairly and adequately protect the interests of the members of the Class.

48. Plaintiff has retained counsel experienced in such litigation and has no interests antagonistic to or in conflict with the other members of the Class.

49. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. The Class members can be identified though Defendants' records.

50. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Doing so would also create risk of adjudications with respect to individual Class members that, as a practical matter, would

be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

51. There are questions of law and fact common to the members of the Class which predominate over any questions affecting individual Class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
### Unfair Deceptive Acts and Practices

52. Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

53. Defendants herein are engaged in practices or acts that Defendants knew, or reasonably should have known, were unfair practices or deceptions as contemplated in Wisconsin Statute section 100.18. Specifically, Defendants (1) represented to Plaintiff that the Hotel charged certain fees when, in fact, the Hotel did not charge such fees; and (2) charged Plaintiff the Improper Fee.

54. Defendants' conduct described above was done with the intent that others, including the general public and guests of the Hotel, rely on the unfair and deceptive practices.

55. Defendants' prohibited practices are directly related to material facts as contemplated in Wisconsin Statute section 100.18, as the representation of fees charged by the Hotel was a material representation or untruthful omission which was likely to affect a consumer's conduct or decision with regard to a product or service.

56. Defendants' conduct was willful, wanton and done with deliberate indifference to the rights, safety, and welfare of Plaintiff and other Wisconsin consumers.

57. The prohibited conduct described above proximately caused actual damages as contemplated in Wisconsin Statute section 100.18. Plaintiff sustained ascertainable losses due to her payment of the Improper Fee and her time and effort spent researching the Improper Fee and

seeking a refund of it. Plaintiff seeks damages for herself and the putative class under Wis. Stat. § 100.18(11)(b)(2).

58. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs pursuant to Wis. Stat. § 100.18(11)(b)(2).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the putative Class members for compensatory damages, injunctive relief, interest at the maximum legal rate, reasonable attorneys' fees, court costs, and for such other and further relief as the Court deems equitable in the premises.

## COUNT II
## Unjust Enrichment

59. Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully set forth herein.

60. Defendants have been unjustly enriched by the charge and collection of the Improper Fees.

61. Defendants should be required to disgorge the sum total of all Improper Fees received from Plaintiff and the putative Class Members where such fees were charged to consumers and not remitted to the actual hotels where the consumers booked.

## RELIEF REQUESTED

Plaintiff requests the following relief on behalf of herself and the putative Class members:

1. That the Court certify the Class;

2. That the Court appoint the undersigned as counsel for the Class;

3. That the Court enter judgment against Defendants and in favor of Plaintiff and the Class for damages as set forth above;

4. That the Court order Defendants to disgorge the Improper Fees;

5. Prejudgment and post-judgment interest at the maximum statutory rate;

6. Attorney's fees and costs; and,

7. Such other and further relief, legal or equitable, as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

This 23rd day of June, 2023.

Respectfully submitted,

*/s/ Nathan E. DeLadurantey*
Nathan E. DeLadurantey
DeLadurantey Law Office LLC
330 S. Executive Dr., Suite 109
Brookfield, WI 53005
P: 414-377-0515
F: 414-377-0515
nathan@dela-law.com

*/s/ John A. Love*
John A. Love (*pro hac vice forthcoming*)
Love Consumer Law
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
P: (404) 855-3600
F: (404301-2300) 276-3736
tlove@loveconsumerlaw.com

*Attorneys for the Plaintiff*